## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| HERMAN ORTEZ, on behalf of himself and others similarly situated, | **Civil Action No.:** |
| Plaintiff, | **COMPLAINT - - CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MICHAEL P. MORTON, P.A., | |
| Defendant. | |

## NATURE OF ACTION

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Delaware consumers who have been the subject of debt collection efforts by Michael P. Morton, P.A. ("Defendant").

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection

practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. And over one-third of those complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

5. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

8. As noted by the CFPB and the Federal Trade Commission, the validation requirement was a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act— CFPB Annual Report 2016* at 16-17 (2016), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2016/.

the consumer has already paid." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

9.      Pertinent here, the validation notice must advise the consumer as to the amount of the debt.  15 U.S.C. § 1692g(a)(1).

10.      Moreover, the validation notice must advise the consumer that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(5).

11.      Notably, collection activities and communications during the 30-day validation period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 U.S.C. § 1692g(b).

## PARTIES

12.      Herman Ortez ("Plaintiff") is a natural person who at all relevant times resided in New Castle County, Delaware.

13.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

14.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a homeowner's assessment (the "Debt").

15.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16.      Defendant is a law firm based in Greenville, Delaware.

17.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

19.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

21.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

22.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events or omissions giving rise to the claim occurred in this district, and where Defendant has its principal place of business, and conducts business, in this district.

## FACTUAL ALLEGATIONS

23.     On or about February 21, 2018, Defendant sent an initial written communication to Plaintiff in connection with the collection of the Debt.

24.     A true and correct copy of the February 21, 2018 written communication is attached as Exhibit A.

25.     The February 21, 2018 communication was the first communication Plaintiff received from Defendant in connection with the Debt.

26.     Plaintiff did not receive any additional written communications from Defendant within five days of the February 21, 2018 communication.

27.     The February 21, 2018 communication advised Plaintiff that Defendant represented the Association of Unit Owners of Le Parc Condominiums (the "Association"). *See* Ex. A.

28.     The February 21, 2018 communication thereafter advised Plaintiff that he had not paid the Debt in full to the Association, nor had he accepted any payment plan to pay down the Debt. *Id.*

29.     The February 21, 2018 communication then advised Plaintiff that the Association had referred the matter to Defendant to address collection of the Debt. *Id.*

30.     The February 21, 2018 communication then advised Plaintiff that before it pursued further collection avenues, Defendant was extending one final opportunity to make full payment of the Debt, or to discuss a payment plan with the Association. *Id.*

31.     The February 21, 2018 communication then advised Plaintiff:

The Association and I encourage you, within **ten (10) days** from the date of this letter, to either pay the now overdue assessment, fees and penalties in full, or to contact Goldsborough Realty Management at 575-1000 to discuss how you can arrange for a payment plan that will postpone collection actions by this Office.
*Id.*

32.     The February 21, 2018 communication thereafter advised Plaintiff that "[i]f the Association does not hear from you within the time set forth above, the

5

Association will be left with no choice but to move forward in the manner that is provided for by the Covenants." *Id.*

33.     The February 21, 2018 communication did not state the amount of the Debt.

34.     At the end of the February 21, 2018 communication, Defendant included the following text, which was in smaller font then the remainder of the February 21, 2018 communication:

<u>Important Disclosures</u>

This is an attempt to collect a debt and any information obtained will be used for that purpose.  You may dispute all or any portion of this debt within thirty (30) days of receipt of this letter by sending notice of such dispute to this office. Within ten (10) days of receipt of such dispute, this office will send you written verification of the debt. If you do not dispute the entire debt within such thirty (30) day period, this office will assume the entire debt is valid.  If you dispute only a portion of this debt within such thirty (30) day period, this office will assume the undisputed balance of the debt is valid. If the creditor named herein is not the original creditor, this office will provide you with the name of the original creditor upon written request.

**CLASS ACTION ALLEGATIONS**

35.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class consisting of:

All persons (a) with a Delaware address, (b) to whom Michael P. Morton, P.A., (c) within one year before the date of this complaint, (d) in connection with the collection of a consumer debt, (e) mailed an initial debt collection communication not returned to Michael P. Morton, P.A. as undeliverable (f) that (1) did not state the amount of the debt, or (2) advised the consumer that he should within ten (10) days from the date of the letter, either pay the now overdue assessment, fees and penalties in full, or contact the creditor to discuss how the consumer could arrange for a payment plan that will postpone collection actions by Michael P. Morton, P.A., or (3) did not state that upon the consumer's written request within the thirty-day period, Michael P. Morton, P.A. would provide the

consumer with the name and address of the original creditor, if different from the current creditor.

36.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

37.     The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

38.     The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

39.     The proposed class is ascertainable because it is defined by reference to objective criteria.

40.     In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

41.     The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class.

42.     To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

43.     Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

44.     Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that he seeks to represent.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

46.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

47.     There will be no difficulty in the management of this action as a class action.

48.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

49.     Among the issues of law and fact common to the class are:

a.  Defendant's violations of the FDCPA as alleged herein;

b.  Whether Defendant is a debt collector as defined by the FDCPA;

c.  the availability of statutory penalties; and

d.  the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)

50.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 49.

51.     The FDCPA at 15 U.S.C. § 1692g(a) provides, in pertinent part:

(a) **Notice of debt; contents** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

52.     The February 21, 2018 communication does not set forth the amount of the Debt. *See* Ex. A.

53.     The February 21, 2018 communication also does not set forth a statement that, upon the consumer's written request *within the thirty-day period,* the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. *Id.*

54.     Therefore, Defendant violated 15 U.S.C. § 1692g(a).

55.     The harm suffered by Plaintiff is particularized in that the violative February 21, 2018 communication was sent to him personally, regarded his personal obligation, and failed to give him statutorily-mandated disclosures to which he was entitled.

56.    "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

57.    And the content of the February 21, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140-cv, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

58.    Specifically, where a consumer is not told the amount of the Debt, he has no way to assess whether the amount the debt collector says is owed is actually owed.

59.    Moreover, where a debt collector fails to inform the consumer that his request to obtain the name and address of the original creditor must be made within the thirty-day validation window, the consumer is likely to be completely unaware of this limitation on his validation rights, and therefore not invoke the FDCPA's protections in a timely manner. *See, e.g., Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011) ("[w]here the debt collector fails to advise that the debtor's requests under subsections (a)(4) and (a)(5) must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them.").

60.     This is important because pursuant to 15 U.S.C. § 1692g(b), if the consumer notifies the debt collector *in writing* within the thirty-day period that the consumer requests the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector obtains the name and address of the original creditor, and a copy of the name and address of the original creditor, is mailed to the consumer by the debt collector.

61.     The February 21, 2018 communication therefore created a material risk that Plaintiff would understand, incorrectly, how to invoke his federal rights to obtain information regarding the original creditor. *See Hartman v. Medicredit, Inc.*, Civil Action No. 15-1596, 2016 WL 7669858, at *3 (W.D. Pa. Dec. 20, 2016), report and recommendation adopted, 2017 WL 90383 (W.D. Pa. Jan. 10, 2017) (ruling that the plaintiff had standing because a violation of substantive FDCPA right was a concrete and particularized injury, as required under *Spokeo*); *Daubert v. Nra Grp., LLC*, Civil Action No. 3:15-CV-00718, 2016 WL 4245560, at *4 (M.D. Pa. Aug. 11, 2016) (indicating that plaintiff's allegation of a FDCPA violation presented a concrete and particularized injury following *Spokeo*)

62.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)

63.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 49.

64.     The FDCPA at 15 U.S.C. § 1692g(b) provides, in pertinent part:

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

65.    The February 21, 2018 communication advised Plaintiff:

The Association and I encourage you, within **ten (10) days** from the date of this letter, to either pay the now overdue assessment, fees and penalties in full, or to contact Goldsborough Realty Management at 575-1000 to discuss how you can arrange for a payment plan that will postpone collection actions by this Office.

66.    The demand for payment within ten days of the date of the February 21, 2018 communication, combined with Defendant's threats to move forward with collection in the manner as provided for in the Association Covenants if Plaintiff does not respond within that ten-day period, contradicts the FDCPA's validation notice, as well as the language in the February 21, 2018 communication advising Plaintiff that he has thirty days to dispute the Debt. *See, e.g., Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997) ("The statement in the first paragraph of defendant's letter—'Unless we receive a check or money order for the balance, in full, within thirty (30) days from

receipt of this letter, a decision to pursue other avenues to collect the amount due will be made'—contradicts the language in the letter explaining the plaintiff's validation rights under the FDCPA, which allows plaintiff 30 days in which to dispute the debt and request verification.").

67.     Therefore, Defendant violated 15 U.S.C. § 1692g(b).

68.     The harm suffered by Plaintiff is particularized in that the violative February 21, 2018 communication was sent to him personally, regarded his personal obligation, and failed to give him statutorily-mandated disclosures to which he was entitled.

69.     "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti*, 691 F. App'x 24 at 26.

70.     And the content of the February 21, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g., Zirogiannis*, 2017 WL 4005008, at *2 (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

71.     Specifically, the demand for payment within ten days of the date of the February 21, 2018 communication, combined with Defendant's threats to move forward with collection in the manner as provided for in the Association Covenants if Plaintiff does not respond within that ten-day period, would likely lead the least sophisticated

consumer to believe that he must ignore his right verify the debt within 30 days, and instead take action within the ten day period to pay the debt or set up a payment plan.

72.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church*, 654 F. App'x 990 at 995.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.     Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692g(b);

c.     Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d.     Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e.     Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f.     Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g.     Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  April 13, 2018                    Respectfully submitted,

                                          /s/ *Vivian A. Houghton*
                                          Vivian A. Houghton
                                          Delaware Bar No. 2010
                                          Law Office of Vivian A. Houghton
                                          800 N. West Street, 1st Floor
                                          Wilmington, DE 19801
                                          Tel: (302) 658-0518
                                          Fax: (302) 658-5731
                                          vivianhoughton@comcast.net
                                          Local Counsel for Plaintiff and the proposed class

                                          James L. Davidson*
                                          FL Bar No. 723371
                                          Greenwald Davidson Radbil PLLC
                                          5550 Glades Road, Suite 500
                                          Boca Raton, FL 33431
                                          Tel: (561) 826-5477
                                          Fax: (561) 961-5684
                                          jdavidson@gdrlawfirm.com

                                          Counsel for Plaintiff and the proposed class

                                          * to seek admission pro hac vice